**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

VERONICA COUTEE,
          Appellant,

          v.

DEPARTMENT OF VETERANS
     AFFAIRS,
          Agency.

DOCKET NUMBER
AT-0752-22-0612-I-1

DATE: August 9, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Bradley R. Marshall</u>, Mt. Pleasant, South Carolina, for the appellant.

<u>Laura Kempin</u>, Esquire, St. Petersburg, Florida, for the agency

<u>Luis E. Ortiz</u>, Esquire, Orlando, Florida, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which sustained her removal. On petition for review, the appellant reargues that she proved her affirmative defenses of EEO retaliation and disability discrimination, and that the agency violated her due process rights. Generally, we grant petitions

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision.

¶2    On March 28, 2021, the appellant was reassigned to the position of GS-2005-05 Supply Technician in Logistics at the Orlando VA Healthcare System in Orlando, Florida.[2]    Initial Appeal File (IAF), Tab 6 at 120. On November 9, 2021, the appellant requested 240 hours of advanced sick leave "due to a medical condition," which was later denied by several agency officials. IAF, Tab 28 at 88. Around this time, the appellant filed a formal complaint of discrimination against her supervisor alleging that she had been subjected to a hostile work environment based on race, sex, national origin, disability, and reprisal in August and September 2021.[3]    IAF, Tab 32 at 17, 19, 26. On

---

[2] The appellant was reassigned to this position as a reasonable accommodation as part of a settlement agreement with the agency in which she agreed to withdraw an Equal Employment Opportunity (EEO) complaint against the agency's Police Service (her previous position). IAF, Tab 32 at 19, 26, 28.

[3] The appellant alleged that the supervisor subjected her to a hostile work environment by stating that overtime must be COVID-19 related, by stopping providing her training in her new position, by moving her to a different office, and by "instructing" her that her reasonable accommodation and FMLA had expired and to email him only regarding those matters. IAF, Tab 32 at 17-18. With regard to the latter claim, it seems that the appellant's complaint concerned the supervisor's request for a copy of the reasonable

December 23, 2021, the appellant stopped reporting for work. IAF, Tab 6 at 98, Tab 28 at 85. On or around February 22, 2022, the appellant claims that she filed for disability retirement. IAF, Tab 28 at 6, 85. It appears that sometime in February 2022, or on April 1, 2022, the appellant requested leave without pay (LWOP) for 1 year, beginning February 23, 2022, and ending February 23, 2023, for unspecified medical conditions, which several agency officials later denied due to "supply chain resource deficit incurred." IAF, Tab 28 at 85, Tab 32 at 14-15. On May 2, 2022, the agency mailed the appellant a Return to Duty Order notifying her that she had been absent without leave for 448 hours and had not submitted a proper request for leave to cover her absences and ordering her to return to duty the next day or to contact her supervisor to request leave. IAF, Tab 6 at 98-100. The letter also informed the appellant, among other things, how to request leave under the Family and Medical Leave Act (FMLA) or a reasonable accommodation. *Id.* at 98-99. The appellant did not respond to the order or to the supervisor's subsequent attempts to contact her and advise her of her right to leave under FMLA. *Id.* at 41, 56.

¶3    By letter dated August 12, 2022, the supervisor proposed the appellant's removal for absence without leave (AWOL) (18 specifications), failure to follow leave requesting procedures (18 specifications), and failure to follow instructions (one specification). *Id.* at 35-45. The first charge alleged that the appellant was absent without authority on several specific calendar days between February 14 and July 1, 2022;[4] the second charge alleged that the appellant was absent without authority and did not request leave for those same days; and the third charge alleged that the appellant failed to follow the May 2, 2022 Return to Duty notice. *Id.* at 35-41. The appellant did not provide an oral or written reply within the 14-day window provided by the notice of proposed removal. *See id.* at 18, 27-33,

_____

accommodation in place for her. *Id.* at 31-33.

[4] The proposal notice erroneously notes the year as 2021 in some of the specifications. *See* IAF, Tab 6 at 7, 35, 38.

42. By letter dated September 1, 2022, the deciding official, the Acting Medical Center Director/CEO, notified the appellant that she had sustained the charges and removed the appellant effective September 15, 2022. *Id.* at 18-24.

¶4 The appellant filed the instant Board appeal. IAF, Tab 1. After holding the requested hearing, the administrative judge issued an initial decision affirming the agency's removal action. IAF, Tab 40, Initial Decision (ID) at 1, 21. The administrative judge first sustained the AWOL charge after finding that the agency proved 5 of the 18 specifications. ID at 2-6. In analyzing this charge, the administrative judge noted that the record contained a February 10, 2022 letter from the appellant's licensed mental health counselor recommending that she take leave from work due to burn out, as well as a February 17, 2022 FMLA request signed by the counselor indicating that the appellant had chronic and permanent or long-term conditions including generalized anxiety and post-traumatic stress disorder, along with the appellant's request for LWOP from February 23, 2022, through February 23, 2023. ID at 3-6; *see also* IAF, Tab 32 at 14-15; IAF, Tab 28 at 90; IAF, Tab 31 at 4-7. The administrative judge explained that it was unclear whether or when the appellant submitted these additional documents to the agency, but he found it highly likely that she had provided them to her management chain and that the appellant's year-long LWOP request constituted a de facto request for FMLA leave. ID at 4-6. The administrative judge concluded that the agency erred in failing to grant the appellant up to 12 weeks of FMLA leave for the period of February 22through May 17, 2022 and thus only sustained the specifications regarding the period before the appellant's LWOP request and after the expiration of her FMLA entitlement.[5] ID at 5-6.

¶5 The administrative judge also sustained the related specifications of the second charge of failure to follow leave requesting procedures, finding that this

---

[5] The administrative judge recognized that although the period he found covered by FMLA leave was inexact, the salient point was that many of the specifications were invalid because the appellant was entitled to a substantial amount of FMLA leave during the period covered by those specifications. ID at 6 n.5.

charge was based on the same facts underlying the AWOL charge, and suffered from the same issues as the identically dated specifications in that charge, and that it thus merged with the AWOL charge. ID at 6-8. He also found that the agency proved the third charge of failure to follow instructions. ID at 8-9. The administrative judge then considered and found that the appellant failed to prove her affirmative defenses of EEO reprisal, ID at 9-11, disability discrimination, ID at 11-14, and violation of her due process rights, ID at 14-15.[6] He thereafter found that the agency proved nexus, ID at 15-16, but that the agency misapplied certain *Douglas* factors and thus he would not defer to the agency's penalty determination, ID at 16-21; *see also Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (articulating a nonexhaustive list of 12 relevant factors to be considered in determining the appropriateness of an imposed penalty). After conducting his own *Douglas* factors analysis, the administrative judge found that the seriousness of the appellant's misconduct, combined with other factors, supported the agency's action and that removal was within the tolerable limits of reasonableness. ID at 16-21.

¶6      The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency filed a response. PFR File, Tab 3.

¶7      On review, the appellant reargues that she proved her affirmative defenses of EEO retaliation, PFR File, Tab 1 at 18-22, and disability discrimination, *id.* at 22-24, and that the agency violated her due process rights, *id.* at 12-18. She does not dispute the administrative judge's finding that the agency proved all three of its charges, his finding that the agency proved nexus, or his analysis of the *Douglas* factors and conclusion that removal was within the tolerable limits of reasonableness. With respect to these issues, the record reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions, and we therefore discern to reason to

---

[6] At the hearing, the appellant withdrew her other affirmative defenses of harmful procedural error, race, sex, and age discrimination. ID at 9.

disturb his findings. *See, e.g.*, *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions). We have considered the appellant's arguments that she proved her affirmative defense of EEO retaliation, and that the agency violated her due process rights, however, we find them unavailing, and they do not provide a reason to disturb the initial decision.

¶8       We also find that the appellant did not show that the administrative judge erred in finding that she did not prove her affirmative defense of disability discrimination. On review, the appellant briefly alleges that she proved that the agency discriminated against her based on her disability. PFR File, Tab 1 at 22. Below, the appellant did not provide much detail at all regarding this claim, even though the administrative judge properly notified her of the requirements to establish an affirmative defense of reasonable accommodation, disparate treatment, or disparate impact disability discrimination. *See* IAF, Tab 1 at 7, Tab 28 at 13, Tab 34 at 2. Based on the initial decision, the administrative judge interpreted her argument as a claim of denial of reasonable accommodation. *See* ID at 11-13. In this regard, an agency is required to make reasonable accommodation to the known physical and mental limitations of an otherwise qualified individual with a disability unless the agency can show that accommodation would cause an undue hardship on its business operations. 29 C.F.R. § 1630.9(a); *Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 13 (2014). In order to establish disability discrimination based on a failure to accommodate, an employee must show that: (1) she is an individual with a disability, as defined by 29 C.F.R. § 1630.2(g); (2) she is a qualified individual with a disability, as defined by 29 C.F.R. § 1630.2(m); and (3) the agency failed to provide a reasonable accommodation. *Miller*, 121 M.S.P.R. 189, ¶ 13. A qualified individual with a disability is one who can "perform the essential functions of the . . . position that such individual holds or desires" with or

without accommodation. *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 28; 42 U.S.C. § 12111(8); *see* 29 C.F.R. § 1630.2(m). Notably, both a claim of disability discrimination based on an agency's failure to reasonably accommodate and a claim based on an individual's status as disabled require that the individual be "qualified." *Haas*, 2022 MSPB 36, ¶ 28.

¶9    In the initial decision, the administrative judge stated that the appellant did not characterize her year-long LWOP request or her FMLA application as requests for reasonable accommodation, but that to the extent that she was contending as much, he was unpersuaded. ID at 13-14. He noted the February 10, 2022 letter from the appellant's licensed mental health counselor recommending that she take leave due to burnout and the February 17, 2022 FMLA request in which the appellant's counselor indicated that the appellant had generalized anxiety and post-traumatic stress disorder that rendered her "incapacitated for a continuous period of time" and "not able" to perform the essential functions of her job. ID at 13; *see also* IAF, Tab 28 at 90, Tab 31 at 4-7. He also noted that the appellant testified that she applied and was approved for disability retirement, and he discussed the definition of disabled in the disability retirement context. ID at 13. The administrative judge then stated that the Board has held that coming to work on a regularly scheduled basis is an essential function of almost every government job, and he concluded that the appellant's medical conditions—which he pointed out prevented her from maintaining her attendance at work and which she testified enabled approval of her disability retirement application—prevent her from being considered a qualified person with a disability.[7]   ID at 14 (citing *Stevens v. Department of the Army*, 73 M.S.P.R. 619 (1997)).

¶10    In her petition for review, the appellant does not address or directly dispute any of the administrative judge's findings, or his characterization of her

---

[7] However, the administrative judge also noted that there is no record evidence of OPM's purported approval of the appellant's disability retirement application, and the appellant testified she has not yet received disability retirement benefits. ID at 13 n.8.

argument. *See* PFR File, Tab 1 at 22-24. Instead, she claims that the supervisor improperly denied her leave and telework "despite the fact it had been previously approved as a reasonable accommodation," and that the supervisor was "aware of the disability and reasonable accommodation but claimed he did not know it was still in effect when clearly he did." *Id.* at 22-23. This argument is unclear, and upon review of the record and relevant hearing testimony, we are unsure what the appellant is arguing with respect to this affirmative defense. In addition, although the appellant alleges the supervisor denied her telework, the administrative judge found that there was no dispute that the appellant was on full-time telework. ID at 17. The appellant and her representative are quite vague when they reference her "disability," "reasonable accommodation," and leave requests throughout the record, hearing, and on review. *See Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (finding that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a more serious evidentiary challenge justifying a complete review of the record).

¶11    On review, the appellant also seems to be claiming that the supervisor discriminated against her based on her disability when he asked for a copy of the appellant's reasonable accommodation restrictions when he took over as her supervisor. PFR File, Tab 1 at 23. As noted above, the appellant was reassigned to the Supply Technician position as a reasonable accommodation in exchange for withdrawing a prior EEO complaint. *See supra* note 2. To the extent that this is what the appellant is attempting to argue on review, she did not argue this below —or at least do so coherently—and the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

¶12 We also do not see where the appellant presented an argument below that the agency's denial of her year-long request for LWOP was a denial of a reasonable accommodation. *See* ID at 14. The administrative judge appears to have construed the appellant's claims very liberally. However, we agree with the administrative judge that the appellant did not prove that she is a qualified individual with a disability. ID at 14; *see Haas*, 2022 MSPB 36, ¶ 28; *Miller*, 121 M.S.P.R. 189, ¶ 13. It is the appellant's burden to show that she is an individual with a disability who can perform the essential functions of her position with or without accommodation. *Haas*, 2022 MSPB 36, ¶ 28. Here, the evidence indicates that the appellant cannot perform the essential functions of her position, and she does not provide any evidence or argument to the contrary. As the administrative judge pointed out, the record shows that the appellant's counselor indicated in the February 2022 FMLA request that the appellant "will be incapacitated for a continuous period of time" and "is not able" to perform the essential functions of her job due to her generalized anxiety and post-traumatic stress disorder, and the appellant stated that she applied, and was approved for, disability retirement due to the severity of her symptoms. IAF, Tab 31 at 4-7, Tab 28 at 85; ID at 13.

¶13 With regard to the appellant's request for 1 year of LWOP, we note that while there are no "magic words" that an employee must use to request a reasonable accommodation, the employee must explain that she is requesting an adjustment or modification to working conditions or duties to assist with her disability. *Patton v. Jacobs Engineering Group*, 874 F.3d 437, 444 (5th Cir. 2017); *see Foster v. Mountain Coal Company*, 830 F.3d 1178, 1188 (10th Cir. 2016) (explaining that a reasonable accommodation request "must make clear that the employee wants assistance for his or her disability"); *Ballard v. Rubin*, 284 F.3d 957, 962 (8th Cir. 2002) (stating that while there are no magic words needed to request a reasonable accommodation, the employee must make clear

that he wants assistance for his disability).[8] We acknowledge that a request for LWOP for a specific period of time may be a reasonable accommodation depending on the particular circumstances in a given case. *See EEOC v. Journal Disposition Corp.*, No. 10–CV–886, 2011 WL 5118735, at *3 (W.D. Mich. Oct. 27, 2011); *Woodruff v. LaHood*, 777 F.Supp.2d 33, 44 (D.D.C. 2011).[9] However, the purpose of a reasonable accommodation is to assist an individual with their disability and enable them to perform the essential functions of their position. 29 C.F.R. § 1630.2(o)(1)(ii). The appellant has not explained, and we cannot discern from the record, how 1 year of LWOP would enable her to perform the essential functions of her position. Neither the appellant nor her counselor explains how it would be an effective remedy. Furthermore, the appellant's counselor was noncommittal about how long the appellant's condition is expected to last. IAF, Tab 36-2 at 28:00 (hearing testimony of K. Vankorlaar); *see also Hilda H. v. Department of Veterans Affairs*, EEOC Appeal No. 0120162443, 2018 WL 1392246, at *4 (Mar. 6, 2018), *req. to reconsider denied*, EEOC Request No. 0520180318, 2018 WL 3584199 (July 3, 2018) (stating that LWOP for an indefinite period of time with absolutely no indication that one will or could return is not an accommodation contemplated under the Rehabilitation Act).

¶14      In sum, to the extent that the appellant argued that the agency failed to reasonably accommodate her, or otherwise discriminated against her, she has not proven that she is a qualified individual with a disability. *Haas*, 2022 MSPB 36, ¶ 28; Miller, 121 M.S.P.R. 189, ¶ 13. Thus, we agree with the administrative

---

[8] Decisions of courts other than the U.S. Court of Appeals for the Federal Circuit, although not binding, may be followed if the Board finds the reasoning persuasive. *Mynard v. Office of Personnel Management*, 108 M.S.P.R. 58, ¶ 14 (2008).

[9] Although decisions from the Equal Employment Opportunity Commission (EEOC) are not binding, the Board generally defers to the EEOC on issues of substantive discrimination law unless the EEOC's decision rests on civil service law for its support or is so unreasonable that it amounts to a violation of civil service law. *Southerland v. Department of Defense*, 119 M.S.P.R. 566, ¶ 20 (2013), *overruled on other grounds by Pridgen v. Office of Management and Budget*, 2022 MPSB 31.

judge that the appellant's disability discrimination affirmative defense fails. *See Wickramasekera v. Veterans Administration*, 21 M.S.P.R. 707, 714 (1984) (declining to disturb a finding on the basis of an undeveloped and unsupported argument).

## NOTICE OF APPEAL RIGHTS[10]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[11] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.